## ERICH S. HERRMANN, INC. v. UNITED STATES

**No. 7887.**

Entry No. 719903.

(Decided September 28, 1950)

*John D. Rode* for the plaintiff.

*David N. Edelstein*, Assistant Attorney General (*Chauncey E. Wilowski*, special attorney), for the defendant.

RAO, Judge: The merchandise involved in this appeal was the subject of reappraisement 157019–A which was submitted for decision upon a stipulation of fact wherein it was agreed that the issues were the same in all material respects as those the subject of decision in the case of *United States* v. *Wm. S. Pitcairn Corp.*, 33 C. C. P. A. (Customs) 183, C. A. D. 334, which involved the so-called British purchase tax. Accordingly, on November 22, 1946, this court held in *E. S. Herrmann, Inc., et al.* v. *United States*, 17 Cust. Ct. 429, Reap.

Dec. 6544, that export value, as defined in section 402 (d) of the Tariff Act of 1930, was the proper basis for the determination of the value of the instant merchandise and that such values were the appraised values, less the addition made by the importer on entry because of advances by the appraiser in similar cases. There was no appeal from the judgment entered in conformity with said decision.

This appeal is before me at this time by reason of the fact that on January 17, 1949, the collector sent the importer another notice of appraisement by which the importer was notified that the appraised value exceeded the entered value.

When the instant appeal was called for hearing, counsel for both parties moved for a dismissal thereof. In support of said motion, counsel for plaintiff asserted that:

Now, it is the contention of the importer first, that the question of the dutiable value of this merchandise is res adjudicata, there having been a decision and judgment of this court already made. Second, that this second notice of appraisement from which the instant appeal was filed was erroneously issued and is illegal and void and should be cancelled or withdrawn. Third, that since it was an illegal notice, the instant appeal should also be dismissed, and fourth, that the entry should proceed to liquidation where any dispute as to the amount of the appraised value can be raised by protest.

The motion of counsel for the Government was predicated upon the sole ground that the case has been previously decided.

In view of the foregoing, the motion to dismiss this appeal is granted. Judgment will be entered accordingly.